UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SHAW,<br>　　　　Plaintiff,<br><br>　　v.<br><br>A CORTINA, et al.,<br>　　　　Defendants. | Case No. 25-cv-008880 NC (PR)<br><br>**ORDER PURSUANT TO PLAINTIFF'S NOTICE OF ELECTION; GRANTING VOLUNTARY DISMISSAL AND OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

On August 19, 2024, Plaintiff, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 in the Eastern District of California, against officers at the Salinas Valley State Prison ("SVSP"). Dkt. No. 1. He consented to magistrate judge jurisdiction. Dkt. No. 4. On September 30, 2025, the Honorable Magistrate Judge Sean C. Riordan screened the complaint and found it stated one cognizable Eighth Amendment claim against Defendant Cortina; Plaintiff was granted the option of either proceeding on that claim or filing an amended complaint to correct the deficiencies with respect to other claims against other defendants. Dkt. No. 9.[1] This matter was then transferred to the Northern District on October 14, 2025. Dkt. Nos. 16, 17.

Before he received Judge Riordan's screening order, Plaintiff filed a motion dated September 28, 2025, to amend the complaint and a proposed first amended complaint. Dkt. Nos. 13, 14. Then on October 20, 2025, Plaintiff filed a notice of election, indicating

---

[1] The same order granted Plaintiff's motion for leave to proceed *in forma pauperis*.

that he wished to proceed immediately on the Eighth Amendment failure-to-protect claim against Defendant Cortina and to voluntarily dismiss the remaining defendants without prejudice pursuant to Fed. R. Civ. P. 41(a). Dkt. No. 18. Pursuant to Plaintiff's election, the matter shall proceed accordingly.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. In light of Plaintiff's notice of election, Plaintiff's earlier motion to amend is DENIED as moot. Dkt. No. 13. The first amended complaint shall be STRICKEN. Dkt. No. 14. The original complaint remains the operative complaint in this action.

2. Pursuant to Plaintiff's notice of election, Defendants A. Avilla and J. Guevarra and the claims against them are voluntarily dismissed. Dkt. No. 18. Accordingly, the Clerk shall terminate these defendants from the docket as they are no longer a party to this action.

3. Defendant **Correctional Officer A. Cortina** shall be served at the CDCR.

4. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 1, the Court's initial screening order, Dkt. No. 9, Plaintiff's notice of election, Dkt. No. 18, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

5. No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR

Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

6. Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

7. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

8. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

9. Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing

summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

10.  Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

11.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

12.  All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

13.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

14.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

15.  Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: January 13, 2026

NATHANAEL M. COUSINS
United States Magistrate Judge

Order of Service
PRO-SE\NC\CR.2025\08880Shaw_svc

4